## Brown License

*Paul P. Wisler,* for Secretary of Revenue.

*Julian W. Barnard,* for appellant.

CORSON, J., January 11, 1955.—Appellant in this case is, or was at the time of his suspension, under the

age of 18 years. The appeal is from the suspension of appellant's operating privileges by the Secretary of Revenue, under section 615 of The Vehicle Code of May 1, 1929, as amended, 75 PS §192, which provides, in subsection (a), that:

"(a) The secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or jury, or whenever the secretary finds upon sufficient evidence:

"1. That such person is incompetent to operate a motor vehicle . . . or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle . . . upon the highways."

The second, third and fourth provisions, as to what is required to suspend the operating privileges of any person, have no application in the present case since there is no contention that appellant was ever convicted of a misdemeanor, or that he was convicted of manslaughter, or that he attempted by bribe or fraud to pass an examination for an operator's license.

Admittedly the only supposed records that the secretary ever had before him were:

1. That on one occasion appellant had been charged with a violation in Bridgeport of section 1002(a), driving too fast for conditions.

2. That he had been charged with operating a car equipped with so-called Hollywood muffler.

3. That he had been charged by the Norristown police with another violation of section 1002(a), too fast for conditions.

Upon the first alleged violation the Secretary suspended appellant's license for a period of 118 days.

On the muffler violation appellant's license was again suspended for a period of approximately 30 days. When the third charge was made defendant denied his guilt, whereupon the present suspension followed.

Since a magistrate has no jurisdiction over crimes committed by juveniles, whenever prosecutions are brought before such magistrates they are certified to the juvenile court. If defendant denies his guilt there is no statutory machinery whereby the juvenile court may pass upon his guilt or innocence of the crime alleged. However, in misdemeanors and felonies, the law provides that if the juvenile denies his guilt the case may be certified to the proper criminal court for trial by jury, but such provisions do not apply to automobile violations which are triable before a justice of the peace in summary proceedings. In the past the practice appears to have been for the parents or the minor under the age of 18 years to make a voluntary payment of an amount equal to the fine and costs that might have been imposed by a magistrate if such magistrate had had jurisdiction.

In the first two charges brought against this appellant that course was followed and the proceedings in the juvenile court were thereupon dismissed. However, in each of the first two alleged violations the secretary, upon receiving a letter setting forth the fact that such charges had been made, suspended appellant's license.

As to the third alleged violation, it does not appear that any proceedings were ever had in the juvenile court or started before a justice of the peace. It is obvious upon the state of facts that the secretary never received a record of any proceedings in which appellant pleaded guilty, entered a plea of nolo contendere, or was found guilty by a judge or a jury.

There is no contention by anyone in the present case that appellant is suffering with any physical or

mental infirmities or disabilities which would render it unsafe for him to operate a motor vehicle or so as to make him incompetent so to do. The fact that appellant may have made his tires squeal in rounding a corner, the fact that he operated his car with a dual exhaust muffler, or that he "took off" too fast at the change of a traffic light, are not evidence of incompetency.

The incompetency referred to in the act, we feel, refers to mental or physical conditions which render defendant's operation of a car unsafe. If the department issues an operator's license it first passes upon the skill and competency of an operator to act as an operator of a motor vehicle. If he develops no physical or mental infirmities it would seem that ordinarily a man's skill and competency would increase with experience. The fact that a driver may develop tendencies to overspeed, or what are somtimes referred to as "cowboy" tendencies, at stop lights, does not justify the suspension of his license for incompetency. If the secretary feels that the license should be suspended, some violation of the statute should be shown.

While the juvenile court does not have jurisdiction to pass upon the guilt or innocence of a boy under 18 years of age charged with a motor vehicle violation which would ordinarly involve a summary conviction, yet the juvenile court does have the right and the power to decide whether or not a juvenile is a delinquent child. If violations are shown to the satisfaction of the juvenile court and as a result the child is found to be delinquent, then the juvenile court could place such boy upon probation and attach such conditions as to license applications, operations of motor vehicles, etc., as the court might deem proper and for the best interests of society and the delinquent.

In order that the juvenile court, however, may not have to be placed in the position of passing upon a

child's delinquency, perhaps the present system will work well where the probation officer is able to obtain the cooperation of the child's parents and perhaps the cooperation of the child himself. The situation could, of course, be clarified very easily by action of the legislature but there seems to be great difficulty in putting through any bill involving changes in the Juvenile Court Act.

Under the facts in the present case and for the reasons given, we feel that when appellant pleaded not guilty to the third violation and no proceedings were brought, the secretary did not have power under The Vehicle Code to suspend appellant's license for incompetency.

It may be argued, however, that upon an appeal such as this, the case is heard de novo, and if appellant's license had been suspended for alleged violations, then this court could consider such alleged violations. Since, however, the license was suspended for incompetency, and since the alleged violations do not justify a finding of incompetency as that word must be construed under The Vehicle Code, we feel that the appeal must be sustained.

After the trial judge heard the evidence in the present appeal, he directed that argument be heard before the court en banc. The decree entered in this case, however, is entered by the hearing judge after consideration of the argument before the full court.

And now, January 11, 1955, for the reasons set forth in the foregoing opinion, the appeal is sustained and the Secretary of Revenue is directed to reinstate appellant's driving privileges unless the present appeal has been treated as a supersedeas. In the latter case, it is ordered and decreed that the action of the Secretary of Revenue, in suspending indefinitely appellant's license upon the ground of incompetency, is set aside.